# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LINCOLN MEMORIAL UNIVERSITY, a not-for-profit corporation, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN VETERINARY MEDICAL ASSOCIATION, <br><br> Defendant. | Case No. 3:25-cv-0282-TAV-DCP |

## JOINT REPORT OF THE PARTIES' RULE 26(f) PLANNING MEETING

Plaintiff Lincoln Memorial University ("LMU") and Defendant American Veterinary Medical Association ("AVMA") respectfully submit the following report concerning the results of their initial conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure:

1. **Participants**. Counsel for the parties conferred on August 18, 2025 via videoconference and on August 28, September 1, and September 2 via email. The following counsel participated: Thomas W. Thagard, III, James C. Lester, S. Reeves Jordan, and William B. Grimes for LMU; and J. Cole Dowsley and Cameron N. Regnery for the AVMA.

2. **Initial Disclosures**.

    a. **LMU's Position.**

        i. LMU submits that the parties should complete and produce their initial disclosures as required by Rule 26(a)(1) on or before September 19, 2025. LMU notes that the AVMA was served with the Summons and Complaint on June 23, 2025, and, with LMU's consent, has been allowed an additional 51 days to respond to the Complaint. (*See* Docs. 14, 16, 21–22). It is LMU's position that it is appropriate for discovery to commence now.

b. **AVMA's Position.**

      i. As detailed in Section 6(b) *infra*, AVMA submits that all discovery, including initial disclosures, should be stayed pending a ruling on AVMA's forthcoming motion to dismiss.

3. **Settlement/Alternative Dispute Resolution**. There is not currently a prospect of settlement, but the parties will remain open to discussing potential resolution as the case proceeds. The parties do not currently intend to participate in any alternative dispute resolution procedures.

4. **Protective Order**. The parties will submit a proposed protective order governing the disclosure of privileged, protected, and/or confidential information. This proposed protective order will include procedures governing the clawback of such information in the event that it is inadvertently disclosed.

5. **Electronically Stored Information**. The parties will confer regarding the disclosure, discovery, and preservation of electronically stored information ("ESI"), including the form or forms in which it should be produced.

6. **Timing of Discovery**.

   a. **LMU's Position.**

      i. As noted in Section 2(a)(i) *supra*, LMU's position is that discovery should commence now, particularly given the substantial additional time the AVMA has been allowed to respond to the Complaint. LMU submits that discovery should proceed as usual under the Federal Rules of Civil Procedure and the Local Rules of this District without limitations or phases. LMU's position is in accordance with this Court's guidance and practice. *Cf. Malibu Boats, LLC v. Nautique Boat Co.*, 122 F. Supp. 3d 722, 727 (E.D. Tenn. 2015) (Varlan, J.) (explaining that "a court must tread carefully" in altering the normal sequence of discovery) (citation omitted); *Soliz v. Knox Cnty.*, No. 3:24-CV-405-TAV-JEM, 2025 WL 1463134, at *1 (E.D. Tenn. May 21, 2025) (similar).

   b. **AVMA's Position.**

      i. AVMA submits that all discovery, including initial disclosures, should be stayed pending a ruling on AVMA's forthcoming motion to dismiss

pursuant to Rules 12(b)(1) and 12(b)(6). The motion to dismiss seeks to resolve this case based on legal determinations as to the sufficiency of the pleadings, which cannot be altered by discovery. *Painter-Hart v. Seintra, Inc.*, No. 3:20-cv-00418, 2021 WL 6327692, at *2 (E.D. Tenn. Mar. 19, 2021) ("[T]here is 'good cause' to stay discovery where a case can be resolved based on legal determinations that could not be altered by further discovery.") (citing *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefit Fund*, 349 F.3d 300, 304 (6th Cir. 2003)). AVMA intends to file a motion to stay discovery in support of this position.

7. **Scope of Discovery**.

    a. Fact and expert discovery will be needed on all matters relating to LMU's claims and the AVMA's defenses to those claims, including: (1) the AVMA's alleged conspiracy with its members/officers and alleged abuse of its monopoly power to limit the number of veterinary schools; (2) the AVMA's alleged conspiracy with its members/officers and alleged abuse of its monopoly power to restrict the supply of new veterinarians; (3) the relevant geographic and product markets; (4) the alleged conflict of interest between the professional advocacy of the AVMA and the accrediting activities of its internal branch, the AVMA COE; and (5) the AVMA's alleged violation of LMU's right to due process under federal common law principles.

    b. Number of Depositions.

        i. **LMU's Position.** The parties may seek leave of Court to conduct more than 10 depositions. *See* Fed. R. Civ. P. 30(a)(2)(A)(i). At this time, LMU anticipates that it will need to conduct up to 25 depositions.

        ii. **AVMA's Position.** AVMA does not anticipate that this case will require an extraordinary number of depositions in excess of the standard limit contemplated by Rule 30.

    c. Number of Interrogatories.

        i. **LMU's Position.** The parties may seek leave of Court to serve more than 25 written interrogatories. *See* Fed. R. Civ. P. 33(a)(1). At this time, LMU anticipates that it will need to serve up to 30 written interrogatories.

        ii. **AVMA's Position.** AVMA does not anticipate that this case will require an extraordinary number of written interrogatories in excess of the standard limit contemplated by Rule 33.

3

Case 3:25-cv-00282-TAV-DCP   Document 26   Filed 09/02/25   Page 3 of 6   PageID #: 122

8. **Scheduling**.

   a. Trial Date and Location: The parties propose that the trial of this matter be held 18 to 20 months after the filing of this Rule 26(f) report and take place at the Howard H. Baker, Jr. United States Courthouse in Knoxville, Tennessee. The parties anticipate that the trial of this matter will last approximately 15-20 days.

   b. Final Pretrial Conference: 7 days before trial.

   c. Deadline to File Agreed Pretrial Order: 30 days before trial.

   d. Deadline to File Trial Briefs (if needed to address novel or unusual questions of law): 15 days before trial.

   e. Rule 26(a)(3) Pretrial Disclosure Deadline (except as to witnesses): 30 days before trial.

   f. Motion *in Limine* Deadline: 30 days before trial.

   g. Deadline to File Witness Lists: 45 days before trial.

   h. Deadline for Disclosure of Expert Testimony:

      i. Plaintiff: 240 days before trial.
      ii. Defendant: 210 days before trial.

   i. Close of Discovery: 150 days before trial.

   j. Deadline to Amend Pleadings/Add Parties: 180 days before trial.

   k. Dispositive Motion Deadline: 120 days before trial.

9. **Other matters**.

   a. The parties do not currently request the entry of any additional orders pursuant to Rule 26(c) or Rule 16(b) and (c). However, as the case proceeds, the parties will promptly request the entry of any such additional orders if the need arises.

   Respectfully submitted,

   */s/ Thomas W. Thagard III*
   Thomas W. Thagard III (TN 041673)
   James C. Lester (*pro hac vice*)
   S. Reeves Jordan (*pro hac vice*)

William B. Grimes (*pro hac vice*)
MAYNARD NEXSEN PC
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
T: (205) 254-1000
tthagard@maynardnexsen.com
jlester@maynardnexsen.com
rejordan@maynardnexsen.com
bgrimes@maynardnexsen.com

Timothy B. McConnell (TN 019136)
MAYNARD NEXSEN PC
4800 Old Kingston Pike, Suite 120
Knoxville, TN 37919
T: (865) 686-5624
tmcconnell@maynardnexsen.com

*Counsel for Plaintiff Lincoln Memorial University*

*/s/ J. Cole Dowsley, Jr.*
J. Cole Dowsley, Jr. (BPR No. 024400)
FREEMAN MATHIS & GARY, LLP
1600 Division Street, Suite 590
Nashville, Tennessee 37203
(T): 615-208-5610
cole.dowsley@fmglaw.com

Cameron N. Regnery (*pro hac vice*)
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(T): 770-818-0000
cameron.regnery@fmglaw.com

Leah W. McClanahan (BPR No. 027603)
LONG, RAGSDALE & WATERS, P.C.
1111 N. Northshore Drive, Suite S-711
Knoxville, TN 37919
865.584.4040
lmcclanahan@lrwlaw.com

*Counsel for Defendant American Veterinary Medical Association*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2025, a true and accurate copy of the foregoing document was filed via the CM/ECF system, which will effectuate service on all counsel of record.

                                                      */s/ Thomas W. Thagard III*
                                                      OF COUNSEL

6
Case 3:25-cv-00282-TAV-DCP   Document 26   Filed 09/02/25   Page 6 of 6   PageID #: 125