**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION**

| | |
|---|---|
| LINCOLN MEMORIAL UNIVERSITY,<br><br>     Plaintiff,<br><br>v.<br><br>AMERICAN VETERINARY MEDICAL<br>ASSOCIATION,<br><br>     Defendant. | Case No. 3:25-cv-00282 |

**DEFENDANT'S MOTION TO TEMPORARILY STAY DISCOVERY AND/OR
FOR PROTECTIVE ORDER AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant American Veterinary Medical Association ("AVMA") hereby moves the Court for a protective order temporarily staying all discovery in this action, including initial disclosures, pending resolution of AVMA's Motion to Dismiss, Dkt. No. 27. In support of its Motion, AVMA respectfully shows the Court as follows:

## I. INTRODUCTION

1. There is good cause to stay discovery because AVMA's Motion to Dismiss, if granted, will dispose of some or all of the claims presented.

2. The Motion to Dismiss involves purely legal determinations as to the sufficiency of the Complaint, and cannot be altered by any discovery, as a matter of law.

3. The burden of proceeding with the extraordinary discovery LMU requests outweighs any possible hardship (if any) that could arise from a temporary stay.

## II. RELEVANT BACKGROUND

4. Plaintiff Lincoln Memorial University ("LMU") filed its Complaint on June 23,

2025. *See* Dkt. No. 1.

5.     On August 26, 2025, LMU served AVMA with its First Interrogatories and First Requests for Production of Documents. LMU's requests for production include thirty (30) requests for a broad and extensive range of documents and other materials from AVMA.

6.     Further, LMU has indicated that it anticipates conducting up to twenty-five (25) depositions and propounding up to thirty (30) written interrogatories. *See* Dkt. 26.

7.     On September 3, 2025, AVMA filed its Motion to Dismiss, seeking dismissal of the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 27

8.     As detailed in AVMA's Brief in Support of its Motion to Dismiss, Dkt. No. 27-1, LMU has failed to adequately allege ripeness or standing, thereby warranting dismissal of the Complaint for lack of subject-matter jurisdiction under Rule 12(b)(1).

9.     Likewise, LMU has failed to plausibly allege any cause of action for violations of the Sherman Act, or for violations of due process, thereby warranting dismissal of the Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

10.     LMU is required to file its answering brief in opposition to the Motion to Dismiss by September 24, 2025. E.D. Tenn. L.R. 7.1(a)(2). AVMA's reply brief in support of the Motion to Dismiss is due seven (7) days after service of LMU's response brief. *Id.* 7.1(a)(3).

11.     Therefore, at the latest, briefing on the Motion to Dismiss will be completed by October 1, 2025.

### III. ARGUMENT AND CITATION TO AUTHORITY

12.     Rule 26(d)(3) affords this Court great deference to alter the sequence of discovery "for the parties' and witnesses' convenience and in the interests of justice." Further, Rule 26

expressly provides that a court has discretion to stay discovery for "good cause." FED. R. CIV. P. 26(c)(1). The Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003).

13.     In exercising this broad discretion, the Court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Painter-Hart v. Sientra, Inc.*, No. 3:20-cv-00418, 2021 WL 6327692, at *2 (E.D. Tenn. Mar. 19, 2021); *Dochnal v. Thomson Reuters Corp.*, No. 2:18-cv-00044-PLR-MCLC, 2018 WL 11403724, at *2 (E.D. Tenn. Aug. 1, 2018). This entails a "pragmatic decision" as to whether "the possibility of saving the time and expense of discovery justifies a delay in the proceedings." *Dochnal*, 2018 WL 11403724, at *2.

14.     There is "good cause" to stay discovery "where a case can be resolved based on legal determinations that could not be altered by further discovery." *Painter-Hart*, 2021 WL 6327692, at *2 (citing *Gettings*, 349 F.3d at 304).

15.     The AVMA's Motion to Dismiss seeks dismissal for failure to state a plausible claim upon which relief can be granted under Rule 12(b)(6). A motion to dismiss under that Rule is confined to the well-plead allegations of the Complaint, and the documents referenced or quoted therein. *Watermark Senior Living Ret. Cmtys., Inc. v. Morrison Mgmt. Specialists, Inc.*, 905 F.3d 421, 425 (6th Cir. 2018).

16.     The AVMA's Motion to Dismiss further presents a "facial" attack on subject-matter jurisdiction under Rule 12(b)(1). When confronted with a facial attack on subject-matter jurisdiction, the Court is similarly confined to the well-plead allegations of the Complaint, mirroring the approach used to review motions to dismiss under Rule 12(b)(6). *Glob. Tech., Inc. v.*

3

*Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).

17.     No materials or information can be adduced in discovery that would bear on the sufficiency of LMU's pleadings, as a matter of law. *Cf. Painter-Hart*, 2021 WL 6327692, at *3 (discovery during the pendency of a motion to dismiss "will be meaningless if the case is ultimately dismissed").

18.     The discovery requested is therefore irrelevant, as it has no bearing as to whether the Complaint adequately *alleges* subject-matter jurisdiction or a plausible claim for relief. *See Donaldson v. DeJoy*, No. 22-1651, 2024 WL 3493870, at *5 (6th Cir. May 1, 2024) (district court did not abuse its discretion in denying discovery that was not relevant to whether the complaint stated a plausible claim for relief).

19.     Discovery is also premature, because the existence of subject-matter jurisdiction is a threshold issue that must be satisfied before the Court may even adjudicate the case. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

20.     Moreover, LMU has requested an extraordinary amount of discovery in this case. For example, LMU seeks leave to conduct "up to 25 depositions," far in excess of the standard limitation imposed by Rule 30. *See* Dkt. No. 26, at 3, ¶ 7(b)(i).

21.     The AVMA will be significantly burdened by having to engage in extraordinary amounts of discovery during the pendency of its dispositive motion. *See Painter-Hart*, 2021 WL 6327692, at *3 (granting stay of discovery pending motion to dismiss because, in part, the discovery was "likely to be substantial and expensive" and because the case "involves complex issues").

22.     LMU will not suffer hardship by a temporary stay of discovery pending resolution

of the AVMA's Motion to Dismiss. Briefing on the Motion to Dismiss will be completed within thirty (30) days. *See id.* at *2-3 (noting that a motion to stay discovery pending a ruling on a motion to dismiss is "temporary" and "limited").

23.     Further, LMU will not be harmed by a temporary stay of discovery pending resolution of AVMA's Motion to Dismiss because time is not of the essence as to the discovery sought by LMU. LMU was informed of the decision to place its Tennessee campus on probationary accreditation on October 24, 2024. Compl. ¶ 186. LMU, however, waited until over seven (7) months to file this action. *See* Dkt. No. 1. If time was of the essence, LMU could have, and should have, brought this action much sooner. Likewise, there is no urgency as to LMU's Florida campus as the Complaint does not allege that any final determination has been made as to whether LMU will be provided with a letter of reasonable assurance.

24.     Given the possibility of saving the parties significant time and expense, and the lack of any manifest hardship to LMU, pragmatic considerations weigh in favor of temporarily staying discovery. *See Dochnal*, 2018 WL 11403724, at *3 (granting motion to stay discovery during pendency of motion to dismiss).

25.     In accordance with Rule 26(c)(1), undersigned counsel certifies that they have conferred with opposing counsel and made a good effort to resolve this dispute without court action, but that such effort was unsuccessful.

## IV. CONCLUSION

26.     Because AVMA's Motion to Dismiss may resolve all of LMU's claims based on purely legal determinations as to the sufficiency of the pleadings, and because the burden of extraordinary discovery outweighs any hardship to LMU (if any), a temporary stay of all discovery pending the Court's  ruling on AVMA's Motion to Dismiss is warranted.

5

Respectfully submitted this 5th day of September, 2025.

FREEMAN MATHIS & GARY, LLP

*/s/ J. Cole Dowsley, Jr.*
J. Cole Dowsley, Jr. (TN BPR No. 024400)
1600 Division Street, Suite 590
Nashville, Tennessee 37203
(T): 615-208-5610
cole.dowsley@fmglaw.com

Cameron N. Regnery (admitted *pro hac vice*)
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
(T): 770-818-0000
cameron.regnery@fmglaw.com

*Counsel for Defendant American Veterinary Medical Association*

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, a true and correct copy of the foregoing was filed via the Court's CM/ECF electronic filing system, which will deliver a Notice of Electronic Filing to the following:

James Conrad Lester
Maynard Nexsen, PC
1901 6th Ave N
Suite 1700
Birmingham, AL 35203
jlester@maynardnexsen.com

S. Reeves Jordan
Maynard Nexsen PC
1901 6th Ave N
Suite 1700
Birmingham, AL 35203
rejordan@maynardnexsen.com

William B Grimes
Maynard Nexson PC
1901 6th Ave N
Suite 1700
Birmingham, AL 35203
bgrimes@maynardnexsen.com

Timothy B McConnell
Maynard Nexsen PC
4800 Old Kingston Pike
Suite 120
Knoxville, TN 37919
tmcconnell@maynardnexsen.com

Thomas W. Thagard, III
Maynard Nexsen PC
1901 6th Ave N
Suite 1700
Birmingham, AL 35203
tthagard@maynardnexsen.com

Leah W. McClanahan
Long, Ragsdale & Waters, PC
1111 N. Northshore Drive, Suite 711
Knoxville, Tennessee 37919
lmcclanahan@lrwlaw.com

/s/ J. Cole Dowsley, Jr.
J. Cole Dowsley, Jr.