IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| LINCOLN MEMORIAL UNIVERSITY,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN VETERINARY MEDICAL ASSOCIATION,<br><br>    Defendant. | Case No. 3:25-cv-00282-TAV-DCP |

**DEFENDANT'S RESPONSE TO STATEMENT OF INTEREST**

Defendant American Veterinary Medical Association ("Defendant" or "AVMA") hereby submits this Response to the Statement of Interest (the "Statement") filed by the Department of Justice, Dkt. No. 45,[1] respectfully showing the Court as follows:

**I. INTRODUCTION**

The Statement is irrelevant to the Court's determination of the AVMA's pending Motion to Dismiss and says nothing that would support denial thereof. The Statement does not take any position on the Motion to Dismiss. Moreover, it does not address the arguments raised by the AVMA in support of dismissal. For these reasons, the Statement speaks louder in what it does not say than what it does say.

To begin, the Statement does not address, and certainly does not counter, the AVMA's showing that the claims presented are not ripe for consideration by this Court. Nor does the Statement address the point that Lincoln Memorial University ("LMU") lacks standing to seek the

---

[1] On December 18, 2025, the AVMA filed its Unopposed Motion for Leave to file this Response on or before January 8, 2026. *See* Dkt. No. 47. While the Court has yet to rule on that Unopposed Motion, the AVMA files this Response to timely comply with the filing deadline it requested therein.

requested injunctive relief. Perhaps most notably, the Statement does not argue that the accreditation decisions of the AVMA's Council on Education ("COE") with respect to LMU's veterinary schools violate the Sherman Act or common law due process. Instead, the Statement does no more than offer a purely academic point: that professional accreditation organizations are not immune from antitrust scrutiny. ***The AVMA agrees and does not argue otherwise***.

In addition, the Statement makes three irrelevant arguments. *First*, it argues that the AVMA is not immune from antitrust scrutiny under the *Noerr-Pennington* doctrine, which holds that petitioning for state action that might be deemed anticompetitive does not violate federal antitrust law. However, the *Noerr-Pennington* doctrine has no relevance to this case. Indeed, it was not invoked by the AVMA in its Motion to Dismiss and is nowhere mentioned in the parties' briefing on that Motion.

*Second*, the Statement argues that the AVMA is not immune from antitrust scrutiny under the *Parker* doctrine, which holds that state action that is anticompetitive does not violate the antitrust laws. The AVMA does not argue that its actions, as a private actor, are exempt from the antitrust laws under *Parker*. Rather, the AVMA's position is that any injury claimed by LMU is the result of decisions by state legislatures to require graduation from an accredited veterinary school as a condition of state licensure—decisions that are immune from antitrust scrutiny under *Parker*.

*Third*, the Statement argues that the AVMA is not immune from antitrust scrutiny by virtue of the recognition of the COE as an accrediting body by the Department of Education ("USDE"). The AVMA does not argue to the contrary. In its briefing, the AVMA explains that recognition of the COE by the USDE—after reviewing the COE's criteria and procedures for accreditation— entitles the COE's criteria and procedures to substantial deference. *See, e.g.*, *Thomas M. Cooley Law School v. Am. Bar Ass'n*, 459 F.3d 705, 713 (6th Cir. 2006); *Lincoln Mem'l Univ. Duncan Sch.*

- 2 -
Case 3:25-cv-00282-TAV-DCP   Document 48   Filed 01/08/26   Page 2 of 9   PageID #: 679

*of Law v. Am. Bar Ass'n*, No. 3:11-cv-00608, 2012 WL 137851, at *9 (E.D. Tenn. Jan. 18, 2012) (Varlan, J.), *reconsideration denied*, 2012 WL 1108125 (E.D. Tenn. Apr. 2, 2012).

For the reasons amplified below, the Statement provides no reason to deny the AVMA's Motion to Dismiss.

## II. DISCUSSION

### A. The Statement Does Not Address the Determinative Issues before the Court

As noted above, the Statement takes no position on the viability of LMU's claims. *See* Statement, at 2 n.1. In a press release issued in tandem with the filing of the Statement, the Department of Justice explicitly states that it filed the Statement "[w]hile taking no position on the plaintiff's claims".[2]

To that end, the Statement does not address the AVMA's arguments that LMU's claims are not ripe because LMU's Tennessee campus remains accredited and LMU's Florida campus has not been denied a letter of reasonable assurance. *See* Mot. to Dismiss Reply Br., Dkt. No. 39, at 6-9. Likewise, it does not take issue with the AVMA's position that LMU's due process claim is without merit. *See id.*, at 18-20. The Statement does not discuss whether LMU has plausibly alleged an unreasonable restraint on trade in violation of Section 1 of the Sherman Act or unlawful monopolization in violation of Section 2 of the Sherman Act. *See* Compl., Dkt. No. 1, Counts I–III, ¶¶ 224-70. Most notably, the Statement does not question the validity of the COE's accreditation standards, which the USDE has reviewed.

The Statement is limited solely to the uncontroverted proposition that professional accreditation organizations are not immune from antitrust scrutiny. The AVMA does not contest,

---

[2] Press Release, Dep't of Justice, Justice Department Reaffirms Veterinary Accreditation Standards and Procedures are Subject to Antitrust Scrutiny (Dec. 15, 2025) (accessible at https://www.justice.gov/opa/pr/justice-department-reaffirms-veterinary-accreditation-standards-and-procedures-are-subject).

and has never contested, that proposition. The key point here is that the Statement does not argue that the challenged COE actions violate the antitrust laws. While the Statement argues, for example, that professional accreditation organizations "can artificially limit the supply of service providers," (Statement, at 1) it does not contend that the AVMA has done so here. The Statement does not argue that the COE's accreditation decisions with respect to LMU are anticompetitive, or that the challenged accreditation standards—including the COE's research standard—are designed to suppress competition, as opposed to their actual purpose to promote quality veterinary care.

**B.      The Statement Counters Arguments that the AVMA Does Not Make**

As noted above, the Statement was filed for the sole purpose of arguing that a professional accreditation organization is not exempt from antitrust scrutiny. It is unclear why the Department of Justice felt compelled to do so, as the AVMA does not make any contrary arguments. Much the opposite, the AVMA acknowledges that "the Sixth Circuit has analyzed antitrust claims based on accreditation decisions under the rule of reason." Mot. to Dismiss Opening Br., Dkt. No. 27–1, at 21; *see also* Statement, at 15 (similar). Each of the Department of Justice's arguments therefore rests on an inaccurate portrayal of the AVMA's arguments.

    **i.      The AVMA Does Not Argue that it is Immune from Antitrust Scrutiny under the *Parker* or *Noerr-Pennington* Doctrines**

The Statement contends that the AVMA is not immune from antitrust scrutiny under the *Parker*[3] or *Noerr-Pennington*[4] doctrines with regard to the COE's promulgation and enforcement of accreditation standards. The AVMA does not argue that it is. As an initial matter, the AVMA (and LMU) never even addressed the *Noerr-Pennington* doctrine. *See generally* Dkt. Nos. 27–1, 34, & 39. That doctrine exempts lobbying and efforts to influence governmental bodies from

---

[3] *See Parker v. Brown*, 317 U.S. 341 (1943).
[4] *See E. R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961) and *United Mine Workers of Am. v. Pennington*, 381 U.S. 657 (1965).

antitrust scrutiny. *See* Statement, at 10. LMU does not premise its antitrust claims upon any such lobbying efforts by the AVMA, to the extent it alleges any lobbying efforts at all. *See generally* Compl. The Statement's lengthy discussion of *Noerr-Pennington* is therefore unnecessary, if not outright gratuitous.

While the AVMA does discuss *Parker* in its briefing, it does not do so to claim that the AVMA is entitled to antitrust immunity. The Statement explicitly recognizes this fact. It acknowledges that "the AVMA does not argue that it, as a private actor, is immunized under the *Parker* doctrine." Statement, at 6 (quoting Mot. to Dismiss Reply Br., at 12 n.3). The AVMA instead argues that "the extent to which accreditation affects the supply of veterinarians is attributable not to the actions of the AVMA, but instead to state law." *Id.* at 8 (quoting Mot. to Dismiss Reply Br., at 12). As LMU alleges, "[a]ll 50 states[5] require a [individual] to have graduated from an accredited school as a perquisite to practicing veterinary medicine." Compl. ¶ 54. Importantly, courts have denied antitrust claims against accrediting bodies based on the inability of graduates from unaccredited schools to obtain certification or licensing. *See* Mot. to Dismiss Opening Br., at 23 (citing *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026 (3d Cir. 1997) and *Haswood v. Am. Polygraph Ass'n*, No. CV-14-00253-PHX-GMS, 2015 WL 846420 (D. Ariz. Feb. 26, 2015)).

The Statement contends that the AVMA stretches *Parker* beyond its limits, but it fails to explain how. In *Massachusetts School of Law*, the Third Circuit noted: "To the extent that [plaintiff's] alleged injury arises from the inability of its graduates to take the bar examination in most states, the injury is the result of state action and thus is immune from antitrust action under

---

[5] This does not appear to be true for all fifty states. For example, a graduate from an unaccredited veterinary school is not necessarily prevented from obtaining licensure in Tennessee, LMU's home state. *See* Mot. to Dismiss Reply Br., at 16 n.5.

the doctrine of *Parker*." 107 F.3d at 1036. The Statement does not address this point, focusing solely on the Third Circuit's irrelevant discussion of *Noerr-Pennington*. *See* Statement, at 13-14. In *Haswood*, the District of Arizona similarly noted: "[T]o the extent that Plaintiffs have been harmed by their inability to obtain a license from a state board to practice in the field of polygraph technologies, such injuries are immune from antitrust action under … *Parker*." 2015 WL 846420, at *3. The Statement offers no rebuttal, merely countering that the outcome in *Haswood* turned on other pleading deficiencies.[6] *See* Statement, at 14 n.3; *but see Haswood*, 2015 WL 846420, at *6 (noting *Parker* immunity was one reason why plaintiffs "cannot prevail on their federal or state antitrust claims").

That the AVMA is not immune from antitrust scrutiny as a private actor—as the Statement argues and *as the AVMA agrees*—is irrelevant, because the proximate cause of LMU's purported injury is state licensure laws, not the accreditation decisions of the COE.

### ii. The AVMA does not Argue that it is Immune from Antitrust Scrutiny by Virtue of the USDE's Recognition of the COE as an Accrediting Body

The Statement also posits that the USDE's recognition of the COE as an accrediting body does not immunize the AVMA from antitrust scrutiny. *See* Statement, at 16-17. Again, the AVMA never suggested otherwise. Instead, the AVMA invokes USDE recognition to support its position that recognition of the COE by the USDE counsels in favor of showing substantial deference to the decisions of the COE. *See, e.g., Lincoln Mem'l Univ.*, 2012 WL 137851, at *9 ("[G]reat deference should be afforded the substantive rules of [accrediting] bodies.") (quoting *Cooley*, 459

---

[6] The Statement challenges a number of other authorities cited in other areas of the AVMA's briefs. *See, e.g.,* Statement, at 14 (challenging a case cited by the AVMA in its argument as to justiciability) & n.3 (challenging two cases cited by the AVMA in its argument as to antitrust injury). It is disingenuous for the Statement to suggest that those authorities do not support the AVMA's *Parker* doctrine arguments when they were not offered to support those arguments in the first instance.

F.3d at 713). In addition, with respect to LMU's position that the COE should be divested from the AVMA, the AVMA contends that such a remedy is within the jurisdiction of the USDE—not a federal court. *See* Mot. to Dismiss Reply Br., at 9 & n.2. Likewise, the AVMA argues that it lacks monopoly power in the market "for the provision of accrediting services," because only the USDE has the ability to recognize new accreditation organizations. *See* Mot. to Dismiss Opening Br., at 25. The Statement does not address any of these arguments.

Finally, it should be noted that the Statement's repeated invocation of the Supreme Court's holding in *Goldfarb v. Virginia State Bar*, 421 U.S. 773 (1975) to argue that accreditation organizations are subject to the antitrust laws omits a key point made in that decision. *See* Statement, at 1, 8-10. In *Goldfarb*, the Court noted:

> The fact that a restraint operates upon a profession as distinguished from a business is, of course, relevant in determining whether that particular restraint violates the Sherman Act. It would be unrealistic to view the practice of professions as interchangeable with other business activities, and automatically to apply to the professions antitrust concepts which originated in other areas. The public service aspect, and other features of the professions, may require that a particular practice, which could properly be viewed as a violation of the Sherman Act in another context, be treated differently.

*Goldfarb*, 421 U.S. at 788 n.17. The Supreme Court therefore recognized that although the antitrust laws apply to professions, they should not be applied to professions in the same manner as in ordinary commercial contexts. It is unfortunate that the Department of Justice has not recognized this point.

### III. CONCLUSION

For the reasons set forth above, the Statement offers no basis for denial of AVMA's Motion to Dismiss. That Motion should be granted.

Respectfully submitted this 8th day of January, 2026.

**FREEMAN MATHIS & GARY, LLP**

*/s/ J. Cole Dowsley, Jr.*
J. Cole Dowsley, Jr. (TN BPR No. 024400)
1600 Division Street, Suite 590
Nashville, Tennessee 37203
615-208-5610
cole.dowsley@fmglaw.com

Cameron N. Regnery (admitted *pro hac vice*)
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339
770-818-0000
cameron.regnery@fmglaw.com

*Counsel for Defendant American Veterinary Medical Association*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 8, 2026, a true and correct copy of the foregoing was filed via the Court's CM/ECF electronic filing system, which will deliver a Notice of Electronic Filing to the following:

| | |
|---|---|
| James Conrad Lester<br>Maynard Nexsen, PC<br>1901 6th Ave N<br>Suite 1700<br>Birmingham, AL 35203<br>jlester@maynardnexsen.com | Timothy B McConnell<br>Maynard Nexsen PC<br>4800 Old Kingston Pike<br>Suite 120<br>Knoxville, TN 37919<br>tmcconnell@maynardnexsen.com |
| S. Reeves Jordan<br>Maynard Nexsen PC<br>1901 6th Ave N<br>Suite 1700<br>Birmingham, AL 35203<br>rejordan@maynardnexsen.com | Thomas W. Thagard, III<br>Maynard Nexsen PC<br>1901 6th Ave N<br>Suite 1700<br>Birmingham, AL 35203<br>tthagard@maynardnexsen.com |
| William B Grimes<br>Maynard Nexson PC<br>1901 6th Ave N<br>Suite 1700<br>Birmingham, AL 35203<br>bgrimes@maynardnexsen.com | Markus Alexander Brazill<br>Department of Justice<br>450 Fifth Street, NW<br>Room 4702<br>Washington, DC 20530<br>Markus.brazill@usdoj.gov |

                                                */s/ J. Cole Dowsley, Jr.*
                                                J. Cole Dowsley, Jr.